UNITED STATES of America,
Appellee,

v.

Bradley Joe DAVIS, Appellant.

No. 01–2065.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 30, 2001.

Decided Nov. 2, 2001.

Before BOWMAN, BEAM, and BYE, Circuit Judges.

## [UNPUBLISHED]

## PER CURIAM.

Bradley Joe Davis pleaded guilty to conspiring to distribute over 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 846. After hearing testimony from several government witnesses, the district court[1] determined that Davis was responsible for slightly less than 15 kilograms of methamphetamine, and sentenced him to 240

months imprisonment and 4 years supervised release. On appeal, Davis's attorney has filed a brief and moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Davis has filed a pro se supplemental brief and moved to dismiss counsel's brief.

Counsel challenges the district court's drug-quantity calculation. Having reviewed the sentencing transcript, we conclude that the district court did not clearly err in crediting the testimony of the witnesses. *See United States v. Santana*, 150 F.3d 860, 864 (8th Cir.1998).

We understand Davis to argue that 21 U.S.C. § 841 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); his indictment was defective because it charged him with a lower drug quantity than that for which he was sentenced; a pre-arrest search of his residence was illegal; and his counsel was ineffective. We reject these arguments. Davis's sentence did not exceed the statutory maximum for the charged drug quantity, *see* 21 U.S.C. § 841(b)(1)(B)(viii); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933 (8th Cir.), *cert. denied*, 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000), and he waived his illegal-search claim by pleading guilty without a conditional plea agreement, *see* Fed.R.Crim.P. 11(a)(2); *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir.2001). As to his assertion of ineffective assistance of counsel, such a claim should be raised in a postconviction proceeding. *See Santana*, 150 F.3d at 863.

Having found no other nonfrivolous issues for appeal upon our independent review pursuant to *Penson v. Ohio*, 488 U.S.

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we affirm the judgment of the district court, deny Davis's motion, and grant counsel's motion to withdraw.

A true copy.